ARNER v. RISER.

1. TAXATION—SCAVENGER SALE—COLLUSION—EVIDENCE.
   Allegations of collusion and proofs thereunder in suit to set aside deed of State land office board given pursuant to high bid at scavenger sale by individual defendants *held*, insufficient to justify cancellation of deeds and ordering of another sale, the fact that one defendant planned with another to bid an amount beyond the financial ability of plaintiff to match not being decisive (Act No. 155, Pub. Acts 1937, as amended).

2. SAME—SCAVENGER SALE—BIDS—RIGHT TO MATCH HIGH BID.
   The only right of a former property owner at a so-called scavenger sale by the State of land to which it had acquired absolute title for nonpayment of taxes is to bid at the sale like any one else with the additional privilege of matching any higher bid within a specified time (Act No. 155, § 7, Pub. Acts 1937, as amended by Act No. 244, Pub. Acts 1939).

Appeal from Saginaw; Reid (Neil E.), J., presiding. Submitted April 15, 1943. (Docket No. 27, Calendar No. 42,275.) Decided June 7, 1943.

Bill by Erma Arner against Roy R. Riser, the State Land Office Board, and others to set aside a sale of land at scavenger sale, for an injunction and to compel the giving of a deed to her. Decree for plaintiff. Defendants appeal. Reversed.

*Frederick W. Newton,* for plaintiff.

*Emmanuel B. Reese,* for defendants Riser and Schmidt.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Elbern.Parsons,* Assistant Attorney General, for State Land Office Board.

WIEST, J.   Plaintiff's home in the city of Saginaw was sold for unpaid taxes, bid in by the State, no redemption made and title thereto vested in the State.*   At the subsequent so-called scavenger sale,† open to all bidders, plaintiff bid $750 for the property; another person bid $1,400; defendant Phillip M. Schmidt bid $1,700 and, being the highest bidder, became the purchaser.   Plaintiff was financially unable to match the bid.   By direction of Mr. Schmidt certificate of purchase was issued to Mr. Schmidt and wife, and Roy R. Riser and wife, and subsequent deeds were so executed.   Claiming the bid by Schmidt at the scavenger sale was made in collusion with defendant Riser who had assisted, in an unofficial way, the official representative of the State land office board in caring for the interests of the State in tax-acquired lands in Saginaw county, plaintiff filed, the bill herein to cancel the deeds by reason of the interest of defendant Roy R. Riser in the purchase, and obtained such a decree.   Review is by appeal.

Under the allegations in the bill of complaint and proofs thereunder the court had no power to cancel the deeds and order another sale. The State sold its own property and the only right plaintiff had was to bid at the sale like any one else and the privilege to

* See 1 Comp. Laws 1929, § 3459, as amended by Act No. 282, Pub. Acts 1939, § 3467, as amended by Act No. 52, Pub. Acts 1939 (Comp. Laws Supp. 1940, §§ 3459, 3467, Stat. Ann. 1940 Cum. Supp. §§ 7.112, 7.120).—REPORTER.

† See Act No. 155, Pub. Acts 1937, as amended (Comp. Laws Supp. 1940, § 3723–1 *et seq.,* Stat. Ann. 1940 Cum. Supp. § 7.951 *et seq.*).—REPORTER.

match any higher bid within a specified time.* See *National Bank of Detroit* v. *State Land Office Board,* 300 Mich. 240; *Meltzer* v. *State Land Office Board,* 301 Mich. 541.

The claim that defendant Riser planned with defendant Schmidt to bid an amount beyond the financial ability of plaintiff to match is of no decisive moment.

The decree is reversed and the bill dismissed, with costs to defendants.

BOYLES, C. J., and CHANDLER, NORTH, STARR, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.