MOUNT CLEMENS SAVINGS BANK *v.* STATE LAND OFFICE BOARD.

1. TAXATION—SCAVENGER SALE—NATURE OF RIGHT OF FORMER OWNER TO MATCH BID.

The right of a former owner to meet the highest bid made at a so-called scavenger sale is not a condition upon which the State acquired title absolute to lands which had been deeded to the State by the auditor general because of tax delinquency but is merely a contingent right which does not become a vested right until a sale has been made by the State to the highest bidder (Act No. 155, § 7, Pub. Acts 1937, as amended).

2. SAME—WITHHOLDING OF STATE-OWNED LANDS FROM PUBLIC SALE.
Parcels of land to which the State has acquired title because of nonpayment of taxes may be omitted from public sale without giving monetary consideration to the former owner of the land (Act No. 155, § 5, Pub. Acts 1937, as amended).

3. SAME—SCAVENGER SALE—MATCHING THE HIGHEST BID.
The privilege of matching the highest bid at a so-called scavenger sale applies only to such land as the State may have on the date of sale (Act No. 155, § 7, Pub. Acts 1937, as amended).

4. SAME—TITLE OF TAX-DELINQUENT LANDS—FORMER OWNER—CONDEMNATION BY FEDERAL GOVERNMENT—PARTICIPATION IN AWARD.
The former owner of lands to which the State had acquired title because of nonpayment of taxes and which were condemned by the Federal government before so-called scavenger sale thereof was held by the State had no interest in the land, merely a privilege of matching the bid if and when a sale was made, hence such former owner was not entitled to participate in the award made on condemnation proceedings (Act No. 155, §§ 5, 7, Pub. Acts 1937, as amended).

5. COSTS—PUBLIC QUESTION—TAX-DELINQUENT LANDS—CONDEMNATION BEFORE SCAVENGER SALE.
No costs are allowed in suit to determine former owner's right to participate in award made when Federal government condemned lands to which the State had title absolute and before lands were sold at so-called scavenger sale, a public question being involved (Act No. 155, Pub. Acts 1937, as amended).

Appeal from Macomb; Des Jardins (George W.), J., presiding. Submitted April 7, 1944. (Docket No. 55, Calendar No. 42,706.) Decided June 5, 1944.

Petition by Mount Clemens Savings Bank against State Land Office Board for declaration settling the rights of parties in a fund paid upon condemnation of land. Judgment for plaintiff. Defendant appeals. Reversed.

*Nunneley & Nunneley,* for plaintiff.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Elbern Parsons,* Assistant Attorney General, for defendant.

Sharpe, J.    Petitioner filed a petition in the circuit court of Macomb county for a declaration of rights as to who is entitled to condemnation moneys paid by the Federal government. The facts are not in dispute. The petitioner, Mount Clemens Savings Bank, acquired the lots in question in 1932. Because of unpaid taxes the lots in question were bid to the State of Michigan at the 1939 tax sale, and on November 29, 1940, the property was deeded to the State by the auditor general. The property was due to be put up for sale at public auction by the State land office board under the provisions of Act No. 155, Pub. Acts 1937, as amended (Comp. Laws Supp. 1940, § 3723-1 *et seq.,* Stat. Ann. 1940 Cum. Supp. § 7.951 *et seq.*), at the regular public auction sale conducted by said board which began February 2, 1941. No sale of the lots was conducted on that date owing to the fact that the United States seized the title of the property by condemnation petition with declaration of taking. The award on condemnation which has been tendered by the United States is approximately $3,000. The amount of delinquent taxes cancelled by vesting title in the State was substantially the full amount of the award.

Petitioner, claiming that if the condemnation had not intervened it would have acquired the property at the State land office board sale for $760, and that it had been deprived of that right by the action of the United States in seizing the title before such a sale was made, filed a motion in the United States district court for the eastern district of Michigan asking for a distribution of the award of approximately $3,000 as follows: $760 to the State

land office board, and the balance to petitioner, as owner of the property prior to vesting of title in the State. The petition in the district court is being held in abeyance until the ownership of this fund is established in the State court. The trial court, after hearing the cause, entered a declaratory judgment in favor of petitioner in which it was determined that the State of Michigan was entitled to $760, and petitioner entitled to the balance, in the distribution of the condemnation award in question. The State land office board appeals and urges that the State, as absolute fee title owner of the lands in question on the date of seizure by the United States, was entitled to the entire award.

Petitioner urges that it had a granted, special right to acquire title to this property at a mandatory public sale; that this right is private property within the meaning of the constitutional provisions, and having been taken for public use must be compensated for to the extent of its value.

In *James A. Welch Co., Inc.,* v. *State Land Office Board,* 295 Mich. 85, 93, the State land office board, at the request of the city of Flint, withheld from sale certain lands formerly owned by plaintiff. Later, plaintiff filed a petition for a writ of mandamus to require the State land office board to proceed with the sale of said lands. We there said:

"On November 3, 1939, plaintiff ceased to have any more interest in the title to the lands described in its petition than any stranger to that title. The State, however, granted to it a right or privilege for a 30-day period after the sale of the land at the so-called scavenger sale, to acquire title by meeting the highest bid. Act No. 155, § 7, Pub. Acts 1937, as amended. The purchaser at this sale makes his bid subject to the statutory privilege or right of the former party in interest to meet the highest bid. The right of plaintiff to meet the highest bid is not

a condition upon which the State acquired title absolute to the lands in question. This privilege could not under any circumstances accrue to plaintiff or become a vested right in it until a sale has been made by the State to the highest bidder. It is only upon the acceptance by the State of the highest bid that the statutory right of the former owner to meet such highest bid becomes operative and permits the former owner to acquire the title in the manner provided by the statute. Until such sale, it is not a present vested right or a present interest; it is a mere contingent right which may or may not happen."

In *Arner* v. *Riser,* 305 Mich. 619, we said:

"The State sold its own property and the only right plaintiff had was to bid at the sale like anyone else and the privilege to match any higher bid within a specified time."

See, also, *National Bank of Detroit* v. *State Land Office Board,* 300 Mich. 240; *Cobleigh* v. *State Land Office Board,* 305 Mich. 434.

Under section 5 of the act parcels of land may be omitted from public sale without giving monetary consideration to the former owner of the land. It must be assumed that the State intended that the privilege of matching the bid applies only to such land as it might have on the date of sale. The owner has no interest in the land. He only has a privilege of matching the bid if and when a sale is made. The trial court was in error in holding that plaintiff was entitled to any part of the award.

The judgment is reversed and a judgment will be entered in favor of defendant. No costs are allowed as a public question is involved.

NORTH, C. J., and STARR, WIEST, BUTZEL, BUSHNELL, and BOYLES, JJ., concurred. REID, J., did not sit.