COMMISSIONER OF REVENUE *v.* GRAND TRUNK WESTERN
RAILROAD COMPANY.

1. ACTION—DECLARATORY JUDGMENT—ACTUAL CONTROVERSY—CON-
STRUCTION OF TAX STATUTE.

Where railroad company had obtained a decree in Federal court
permanently enjoining the auditor general of the State from
collecting any taxes in excess of a stated amount for the year
1940 or for any year thereafter until taxes for the year 1949
became due and payable and the State board of assessors sub-
jected certain of the company's property to an ad valorem
tax and spread the same upon the tax roll in April of 1949
and payment of the tax was declined on the ground that it
was a tax for the year 1948 and within the prohibition of the
decree, there was an actual controversy over the legality of a
tax assessment and one which ordinarily permits adjudication
by a declaratory judgment (CL 1948, § 207.1 *et seq.*, § 691.501
*et seq.*).

2. SAME—DECLARATORY JUDGMENT—ANOTHER CASE BETWEEN SAME
PARTIES.

Where there is another case pending between the same parties
in another court in which the issues might be decided, a dec-
laration of rights will not usually be rendered (CL 1948,
§ 691.501 *et seq.*).

3. SAME—DECLARATORY JUDGMENT—ACTUAL CONTROVERSY—CON-
TEMPT PROCEEDING IN FEDERAL COURT.

Where the preferable Federal practice to await the decision of
State courts on the interpretation of State statutes whenever

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 16 Am Jur, Declaratory Judgments, § 9.
[1–5] Declaration of rights or declaratory judgments, 12 ALR 52;
    19 ALR 1124; 50 ALR 42; 68 ALR 110; 87 ALR 1205.
[2, 3] 16 Am Jur, Declaratory Judgments, § 22.
[3] 16 Am Jur, Declaratory Judgments, §§ 24, 26, 49.
[4] 16 Am Jur, Declaratory Judgments, § 14.
[5] 16 Am Jur, Declaratory Judgments, §§ 7, 8.
[6] 14 Am Jur, Costs, § 91.

possible was specifically approved in contempt proceeding against State officials seeking to impose a tax upon some of defendant's property, pending action in the Federal court does not preclude a State court construction of the tax statute involved, decision by the State court is not precluded by decision of the Supreme Court thereof, and there is an actual controversy between the parties relative to construction of such statute, a State court should function and adjudicate the controversy where it is brought in good faith by a State official in the public interest (CL 1948, § 207.1 et seq., § 691.501 et seq.).

4. SAME—ACTUAL CONTROVERSY—DISCRETION OF COURT—OFFICERS—GOOD FAITH.

The judicial discretion operable in determining the existence of an actual controversy under the declaratory judgment act does not extend to refusal to adjudicate a controversy concerning the interpretation of a State tax statute brought in good faith by a State official in the public interest (CL 1948, § 207.1 et seq., § 691.501 et seq.).

5. SAME—DECLARATORY JUDGMENT—CONSTRUCTION OF STATUTES.

The declaratory judgment statute is remedial and is to be liberally construed and liberally administered with a view of making the courts more serviceable to the people (CL 1948, § 691.501 et seq.).

6. COSTS—OFFICERS—CONSTRUCTION OF TAX STATUTE—DECLARATORY JUDGMENT.

No costs are allowed in proceeding to obtain a declaratory judgment construing a tax statute on petition of State officers who were defendants to motion in Federal court to cite them for contempt (CL 1948, § 207.1 et seq., § 691.501 et seq.).

Appeal from Ingham; Salmon (Marvin J.), J. Submitted October 7, 1949. (Docket No. 48, Calendar No. 44,554.) Decided December 7, 1949.

Bill by Louis M. Nims, State Commissioner of Revenue of the State of Michigan against Grand Trunk Western Railroad Company for decree determining that tax assessed against Grand Haven property of defendant is valid tax exaction for 1949.

Cause dismissed on motion.  Plaintiff appeals.  Reversed and remanded.

*Stephen J. Roth,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Elbern Parsons,* Chief Assistant Attorney General, and *T. Carl Holbrook,* Assistant Attorney General, for plaintiff.

*H. Victor Spike, Frederick V. Slocum* and *Ballard, Jennings, Bishop & Ellsworth,* for defendant.

Bushnell, J.  The State commissioner of revenue has appealed from an order of the Ingham county circuit court dismissing his petition for a declaratory judgment.

In 1941, the Grand Trunk Western Railroad Company, a Michigan corporation, obtained a decree in the district court of the United States for the eastern district of Michigan, southern division, permanently enjoining the auditor general of the State of Michigan—"from taking any steps or proceedings whatsoever for the purpose of collecting any taxes in excess of $25,171.40 for the year 1940 or for any year thereafter until taxes for the year 1949 become due and payable."

In April of 1949, the State board of assessors subjected the Grand Haven property of defendant company to an ad valorem tax and spread the same upon the tax roll.  (PA 1905, No 282, as amended [CL 1948, § 207.1 *et seq.* (Stat Ann § 7.251 *et seq.*)].)  The defendant declined to pay, claiming the tax was for the year 1948 and within the prohibition of the provisions in the Federal decree.  In support of its position it filed a motion in the Federal court to cite the State commissioner of revenue and the attorney general for contempt.  In the petition for a declaratory judgment filed by the commissioner the circuit court was asked to hold that the assessment of spe-

cific taxes was for the year 1949 and not for the year 1948.

When the contempt citation came on to be heard the Federal district judge determined that defendant's motion should be held in abeyance until a State court interpretation of the tax statute, *supra,* could be obtained.

The circuit judge filed a written opinion in which he held that plaintiff's petition for declaratory judgment should be dismissed because (1) there was an actual controversy pending between the same parties in another court where the question could be determined; and (2) a declaratory judgment would not be a final determination of the matter since the Federal court in the interpretation of its own decree would not be bound by the decision of the State court.

This is an actual controversy over the legality of a tax assessment and one which ordinarily permits adjudication by a declaratory judgment.

However, where there is another case pending between the same parties in another court in which the issues might be decided, a declaration of rights will not usually be rendered.  PA 1929, No 36 (CL 1948, § 691.501 *et seq.* [Stat Ann § 27.501 *et seq.*]); *Updegraff* v. *Attorney General,* 298 Mich 48 (135 ALR 931).  Nevertheless in *Mount Clemens Savings Bank* v. *State Land Office Board,* 309 Mich 153, a declaration of rights was permitted where the Federal court held in abeyance a petition to distribute funds resulting from a Federal condemnation proceeding pending decision of the State court as to the ownership of such funds.

It appears to be preferable Federal practice to await the decision of State courts on the interpretation of State statutes whenever possible.  The Federal court in the instant matter specifically approved

this practice. See, also, *Fowler* v. *Michigan Board of Pharmacy,* 312 Mich 505.

Under the circumstances here the pending action in the Federal court does not preclude a State court construction of the tax statute, *supra.* Nor is determination of the controversy by the State court precluded by *Pere Marquette Railroad Co.* v. *Kalamazoo, Lake Shore & Chicago Railway Co.,* 158 Mich 40.

The declaration of rights statute, *supra,* permits the exercise of judicial discretion in determining the existence of an "actual controversy." Such discretion, however, does not extend to refusal to adjudicate a controversy concerning the interpretation of a State tax statute brought in good faith by a State official in the public interest. The declaratory judgment statute is "remedial, and is to be liberally construed and liberally administered with a view of making the courts more serviceable to the people." See section 7 thereof. As said in *City of Muskegon Heights* v. *Danigelis,* 253 Mich 260, 265 (73 ALR 696) : "If the act is to serve at all, it must be permitted to serve in this instance."

The position taken by the Federal court and the existence of an actual controversy are sufficient to permit final determination by the State courts.

The order dismissing plaintiff's petition is vacated and the cause is remanded for determination of matters presented therein. No costs were allowed in the circuit court and none will be allowed here.

SHARPE, C. J., and BOYLES, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.