ST. JOSEPH TOWNSHIP *v.* BERRIEN COUNTY
SUPERVISORS.

1. INJUNCTION—ADEQUACY OF REMEDY AT LAW—ANNEXATION ELECTION—QUO WARRANTO.

    Township's bill to enjoin county board of supervisors from setting an election and to enjoin defendant city and defendant board from holding an election to annex certain property in plaintiff township to defendant city was properly dismissed by trial court on ground of adequacy of legal remedy under statute relative to quo warranto proceedings (CL 1948, § 638.28).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 28 Am Jur, Injunctions § 43.
[2] 30A Am Jur, Judgments §§ 324 *et seq.*

2. JUDGMENT—ADEQUACY OF REMEDY AT LAW—RES JUDICATA.
    Adjudication resulting from affirmance of trial court's order
    dismissing bill to enjoin the holding of an election to annex
    certain property to defendant city on ground that remedy
    at law by way of quo warranto was adequate did not deter-
    mine any matter of merit presently at issue in the statutory
    quo warranto proceeding (CL 1948, § 638.28).

Appeal from Berrien; Zick (Karl F.), J. Sub-
mitted April 11, 1961. (Docket No. 51, Calendar
No. 48,924.) Decided June 28, 1961.

Bill by St. Joseph Township, Berrien County,
against Berrien County Board of Supervisors, City
of St. Joseph, St. Joseph Housing Corporation, a
Michigan nonprofit corporation, and Ralph Phelps
to enjoin proceedings for election on annexation
issue. Bill dismissed on motion. Plaintiff appeals.
Affirmed.

*Hartwig, Crow & Lagoni* (*John L. Crow,* of coun-
sel), for plaintiff.

*Ronald H. Lange,* for defendant Berrien County
Board of Supervisors.

*A. G. Preston, Jr.,* for defendants City of St.
Joseph, St. Joseph Housing Corporation, and Ralph
Phelps.

PER CURIAM. Under date of September 7, 1960,
on motion of defendants, Judge Zick dismissed plain-
tiff's self-styled "Bill for injunction to restrain the
[Berrien county] board of supervisors from setting
an election and by amended bill to enjoin the city
of St. Joseph and board of supervisors from holding
an election to annex certain property in the township
of St. Joseph to the city of St. Joseph." The bill
alleges invalidity of necessary statutory procedures

taken prior to the questioned election, and fraudulent participation of 2 city officials in a conspiracy designed to bring about annexation of the involved parcels for the benefit of a housing corporation; the 2 officials being members of the directorate thereof.

The election, noticed for September 12, 1960, was conducted per schedule and resulted in an apparently valid determination by a majority of each group of electors to annex the involved parcels to St. Joseph. Prior thereto the present plaintiff and others filed in this Court a petition for mandamus to compel Judge Zick to enjoin the scheduled election, which petition was denied by our order of September 8, 1960 (No. 48,902–1/2).

Plaintiff, appealing from the order dismissing its bill, requests that such order be reversed and that the case be sent "back for a hearing on the merits to determine the facts with instructions to the lower court that if these allegations are true the annexation election be held void and the city be permanently enjoined from exercising jurisdiction over this territory based on said election."

The chancellor's principal reason for dismissal was that of adequacy of a legal remedy under the statute (CL 1948, § 638.28 [Stat Ann § 27.2342]). He was right (*Lake* v. *Township of North Branch,* 314 Mich 140; *Finlayson* v. *Township of West Bloomfield,* 320 Mich 350; *Attorney General* v. *Ingham Circuit Judge,* 347 Mich 579). The conclusion receives support by the fact, shown in the present record, that the plaintiff township and its supervisor have, since conduct of the election and within the allowed period, filed under the statute an information in the nature of quo warranto to test the validity of such election. Such proceeding now awaits hearing in the Berrien circuit.

It is hardly necessary to add, contrary to fears expressed during oral argument, that our determina-

tion to affirm Judge Zick's order adjudicates only that the jurisdiction of equity was not invoked by plaintiff's bill. No matter of merit, presently at issue in the statutory proceeding above, is determined by the affirmed order of dismissal.

Affirmed. Costs to defendants.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.