MOLINARO v. DRIVER.

ALLEN PARK FIRE & POLICE CIVIL SERVICE
COMMISSION v. CHIEF OF POLICE.

1. OFFICERS—INCUMBENTS—CONTRACTS—VESTED RIGHTS.
   An officeholder has no contract rights or vested rights to public
   office.

2. SAME—INCUMBENTS—CONTRACTS—VESTED RIGHTS—EXTENSION OF
   TIME.
   There could be no vested right of police chief of home-rule city
   to his office prior to his attainment of age 60, the normal re-
   tirement age as provided in ordinance, which was violated by
   action of statutory retirement board in rescinding previous res-
   olution granting him a 4-year extension of time beyond his
   60-year-age date and denying any extension, since an office-
   holder has no contract or vested right to public office (CL
   1948 and CLS 1956, § 38.501 et seq., as last amended by PA
   1957, No 94; City of Allen Park Ordinance No 240).

3. MUNICIPAL CORPORATIONS—RETIREMENT BOARD—ORDINANCES—RE-
   CONSIDERATION OF EXTENSION IN SERVICE.
   City's retirement board had jurisdiction to rescind its previous
   action in granting request of defendant chief of police for
   extension in service beyond normal age of retirement as fixed
   by city ordinance, where rules of the board neither provide

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 42 Am Jur, Public Officers § 9.
[3] 10 Am Jur, Civil Service § 11.
[4] 39 Am Jur, Parties § 17.
[5] 10 Am Jur, Civil Service § 7.
[6] 16 Am Jur, Declaratory Judgments § 17 et seq.
[7] 16 Am Jur, Declaratory Judgments § 14.
[8] 16 Am Jur, Declaratory Judgments § 8.
  Declaration of rights or declaratory judgments.   87 ALR 1205.
[9] 16 Am Jur, Declaratory Judgments § 45.
[10] 43 Am Jur, Public Officers § 340 et seq.
[11] 14 Am Jur, Costs § 91.

for, nor prevent, such reconsideration of its previous action (City of Allen Park Ordinance No 240).

4. EQUITY—REAL PARTIES IN INTEREST—MUNICIPAL CORPORATIONS—DECLARATORY JUDGMENT.

Plaintiffs, members of fire and police civil service commission, in suit against defendant city mayor, treasurer, controller, members of the council, members of commission of public safety, and chief of police for decree declaring office of chief of police vacant, *held*, real parties in interest, where city's retirement board had declared the office vacant but plaintiffs were prevented from taking required steps under civil service statute for filling the vacancy by defendants' decision to follow ruling of city attorney that the action of the retirement board should be disregarded (City of Allen Park Ordinance No 240).

5. MUNICIPAL CORPORATIONS—RETIREMENT OF CHIEF OF POLICE—ORDINANCES—STATUTES.

The retirement of city's chief of police at age 60 pursuant to mandatory provision of city's retirement ordinance was not invalidated by reason of existence of State statute creating police and fire civil service commission, where that statute merely related to tenure of employment only during good behavior and efficient service and city had not adopted optional statute relative to establishment of retirement systems for the police and fire departments, the ordinance being supplemental to the civil service statute (CL 1948 and CLS 1956, § 38.501 *et seq.*; CL 1948 and CLS 1956, § 38.551 *et seq.*, as last amended by PA 1959, Nos 105, 224; City of Allen Park Ordinance No 240).

6. DECLARATORY JUDGMENT—STATUTES—JURISDICTION OF COURT.

A court is empowered, under the declaratory judgment act, to make "binding declarations of rights whether any consequential relief is or could be claimed, or not, including the determination at the instance of anyone interested in the controversy, of the construction of any statute, municipal ordinance or other governmental regulation" (CL 1948, § 691.501).

7. SAME—DISCRETION OF COURT.

The granting of declaratory relief under the declaratory judgment act is discretionary (CL 1948, § 691.501).

8. SAME—CONSTRUCTION OF STATUTES.

The declaratory judgment statute is remedial, is to be liberally construed, and is to be liberally administered with a view of

making the courts more serviceable to the people (CL 1948, § 691.501).

9. SAME—MUNICIPAL CORPORATIONS—VALIDITY OF RESOLUTION OF RE-
TIREMENT BOARD—CHIEF OF POLICE.

The validity of the resolution of city's ordinance-created retire-
ment board whereby it rescinded previously granted extension
of service to defendant chief of police and denied such ex-
tension was a proper matter for consideration in suit to enjoin
him from exercising the authority of such office and for a
declaration of rights, contention that quo warranto was exclu-
sive remedy being without merit (CL 1948, § 691.501; City of
Allen Park Ordinance No 240).

10. OFFICERS—SALARIES—CHIEF OF POLICE.

Right of defendant chief of police to salary as incumbent of
that office, extended to a date 20 days following entry of
decree by trial court, is further extended by Supreme Court
to the date of final adoption of the opinion by the Supreme
Court on appeal from decree for plaintiff members of city's fire
and police civil service commission in suit to declare vacancy
in such office and enjoining such defendant from continuing
therein.

11. COSTS—PUBLIC QUESTION—CHIEF OF POLICE—VACANCY IN OFFICE.

No costs are allowed in suit to enjoin defendant chief of police
from continuing to exercise authority of such office and to
declare it vacant, a public question being involved.

Appeal from Wayne; Gilmore (Horace W.), J.
Submitted January 12, 1961. (Docket No. 73, Cal-
endar No. 48,755.) Decided September 23, 1961. Re-
hearing denied November 30, 1961.

Bill by Dominic J. Molinaro, Morris M. Kazdan,
and John P. Schneider, as members of the fire and
police civil service commission for the city of Allen
Park, against Marvin Driver, chief of police of Allen
Park, Clarence L. Lichtenberg, its mayor, Kenneth
S. Schwartzbaugh and others as members of its com-
mission of public safety, Ralph Cunningham and
others as members of its city council, and other of
its officials, for declaratory decree validating the
action of the board of trustees of the Allen Park
employees retirement system, in refusing Marvin

Driver, chief of police, an extension in office beyond retirement age, and to enjoin him from exercising authority therein. Decree for plaintiffs. Defendant Driver appeals. Affirmed.

*Arthur C. Lumley* and *Joseph J. Bileti,* for plaintiffs.

*Robert E. Childs,* for defendant Driver.

KELLY, J. Plaintiffs-appellees, as members of the fire and police civil service commission of the city of Allen Park, filed their bill of complaint for declaratory decree, naming as defendants the following elected and appointed officials of Allen Park: the mayor, treasurer, controller, members of the council, members of the commission of public safety, and Marvin Driver, chief of police.

In their bill of complaint plaintiffs allege that defendant Marvin Driver refused to comply with the action of the retirement board (September 25, 1959) denying Driver's request for an extension of time as chief of police and further refused to comply with a notice to him of his "separation from employment" effective January 1, 1960, and that the other named defendants, by resolutions and actions, supported defendant Driver's refusal to comply with the retirement board's order.

In the bill of complaint for declaratory decree, the following allegations were set forth in paragraph 20:

"Plaintiffs further aver that there is a vacancy in the position of chief of police as of January 1, 1960, and that under the authority vested in them by * * * [PA 1935, No 78], as amended,* they have the full power and authority, when a vacancy

---

* CL 1948 and CLS 1956, § 38.501 *et seq.,* as last amended by PA 1957, No 94 (Stat Ann 1958 Rev § 5.3351 *et seq.*).

exists, to conduct examinations and certify the person who achieves the highest grade to the mayor and council so that it can fill the position. They further aver that the action of the various defendants in recognizing the defendant, Marvin Driver, as chief of police, prevents them from proceeding to fill the vacancy in accordance with the provisions of the above civil service act. They further aver that the action of the defendants herein is arbitrary and in violation of the law; that said defendants and each of them are also in violation of the provisions of * * * section 16* thereof which provides penal punishment for those who attempt to appoint anyone to a position contrary to the action of a civil service commission acting within its authority."

In the succeeding paragraph of the bill of complaint, plaintiffs further alleged that:

"21. There exists in this case a legal controversy as to what is the controlling law in this situation, which should be interpreted by the court under the authority of and pursuant to the provisions of the declaratory judgment act, being * * * (CL 1948, § 691.501 [Stat Ann § 27.501]), and therefore your plaintiffs have predicated this bill of complaint on the provisions of said act."

On May 3, 1960, the Hon. Horace W. Gilmore, circuit judge of Wayne county, entered a declaratory decree. We quote the following therefrom:

"The court having ruled that the action of *quo warranto* does not lie in this case and that the suit was properly before the court upon the question of injunction and declaration of rights under the general declaration of rights statute. * * *
"It is hereby ordered, adjudged and decreed that the resolution of the city of Allen Park employees retirement board of September 25, 1959, denying the request for extension of service of the defend-

---

* CL 1948, § 38.516 (Stat Ann 1958 Rev § 5.3366).—REPORTER.

ant, Marvin Driver, was a valid act of said board within the powers accorded to it by the law, and the said Marvin Driver was by said resolution legally separated from service as chief of police of the city of Allen Park as of January 1, 1960;   *   *   *

"That section 18 of ordinance 240 of the city of Allen Park does not conflict with P.A. 1935, No 78, as amended, but is supplemental thereto, its terms are proper, and therefore the retirement of defendant, Marvin Driver, was proper, no rights having vested;   *   *   *

"That the defendant, Marvin Driver, may receive and retain moneys heretofore paid and to be paid from January 1, 1960, until 20 days following the entry of this decree, for services rendered by him as chief of police for the city of Allen Park, upon the theory of *quantum meruit,* in accordance with the prevailing salary arrangements heretofore made with the said Marvin Driver."

From this determination defendant Driver appeals, contending:

1. That the action of the board in September, 1959, rescinding its extension of service granted to defendant in June was invalid;

2. That plaintiffs are not real parties in interest and should not be allowed to maintain this action;

3. That the ordinance requiring retirement at age 60 was null and void because it was contrary to the police and fire civil service commission statute of the State of Michigan, and contrary to the Federal social security act adopted by the State of Michigan and the city of Allen Park;

4. That this is an action to try title to an office and, therefore, the proper procedure is a *quo warranto* procedure.

March 5, 1957, a charter was adopted making the village of Allen Park a home-rule city. A provision thereof entitled "Article 18—Retirement System" required the city council within 30 days after the

adoption of the charter to cover the city employees under the Federal social security program and, within 30 days after receiving approval of the Federal social security program, to create by ordinance a city retirement system.

The charter further required that a board of trustees be created to administer the retirement system, and specifically stated:

"In no case shall voluntary retirement, except for his total and permanent disability, be permitted any policeman or fireman member who has not attained at least age 55 years; nor any member in any other classification who has not attained at least age 60 years: Provided, that in either case the member has 10 or more years of credited service."

On March 5, 1957, the same date the city charter was approved, a referendum was held resulting in the adoption of PA 1935, No 78, as amended, which statute created a police and fire civil service commission, plaintiffs and appellees herein.

Ordinance 240 of the city of Allen Park was adopted October 15, 1957, section 18 of which provides:

"(a) Any policeman or fireman member who has attained or attains the age of 60 years  *  *  *  shall be separated from city employment on the first day of the calendar month next following the month in which he attains age 60 years  *  *  *  except as provided in subsection (b) of this section.

"(b) Upon the written request of a member who has attained his age of normal retirement as provided in subsection (a) of this section, and such request is approved by his department head, the board may continue the said member in service for periods not to extend beyond his attainment of age 70 years or January 1, 1958, whichever is later.

"(c) If, at the time of his separation from service as provided in this section, a member has 10 or more

years of credited service he shall receive a pension provided in section 19 hereof."

The city charter also created a "Commission of Public Safety," the powers and duties of which are set forth in article 6, § 92, as follows:

"It shall have general control and management of the police and fire departments of the city of Allen Park only to such extent that the same does not conflict with or be contrary to the provisions made in this charter for civil service for policemen and firemen."

The board of trustees of the retirement system on April 23, 1958, passed a resolution providing that, consistent with section 18(a) of retirement ordinance 240, a member shall file a written request for an extension of service 30 days prior to attaining normal retirement age; that the member shall have a physical examination by a physician demonstrating the member's fitness to continue; that the member's application for an extension shall be approved by his department head who shall give in writing at least 1 reason why the member's continuance in service is in the best interests of the city; and, that in no case would the board approve any extension in service for a period longer than 1 year, but that successive extensions might be applied for.

July 1, 1951, defendant Marvin Driver was appointed chief of police of the village of Allen Park and still continues to serve in that capacity. Defendant was a contributing member of the village retirement system and after Allen Park became a city and adopted a city retirement ordinance and the social security system, he continued to contribute and is still having deductions made from his pay check for both the retirement system and Federal social security.

Driver became 60 years of age on December 1, 1959. On May 18, 1959, he filed his request with the board for a 4-year extension beyond the 60-year-age date. Subsequent to this request, the chairman of the public safety commission sent a letter to the board of trustees on May 26, 1959, stating that the police department was in the process of a long-range program and that it was the opinion of the commission that the best interests of the city would be served by retaining the services of Marvin Driver for 4 additional years so that the program could be continued.

On June 2, 1959, the board of trustees of the retirement system held a meeting and granted Driver's request for a 4-year extension, with 3 trustees voting "yea," 1 trustee voting "nay," and 1 trustee stating that he abstained from voting because "the board is illegally constituted."

At the same meeting (June 2, 1959) the board rescinded that portion of its previous resolution of April 23, 1958, limiting 1-year successive extensions and replaced it by a rule that "all applications for extension beyond normal retirement age be granted in accordance with the merits of the case under consideration."

Subsequent to the action of June 2, 1959, between the June meeting and the September meeting, trustee Ziegler was replaced by trustee Harris on the retirement board, and at the meeting on September 25, 1959, it was resolved that the resolution of June 2, 1959, that Driver be granted a 4-year extension, be rescinded and, also, that Driver's request for an extension beyond the normal retirement age of 60 years be denied. These resolutions were adopted by 3 trustees voting "yea" and 2 trustees voting "nay."

Question No. 1: *Is appellant Driver correct in his contention that the Allen Park retirement board did not have jurisdiction to rescind on September 25,*

*1959, its previous June 2, 1959, grant of extension of service?*

Ordinance 240 provided that defendant would be automatically separated from service upon reaching 60 years of age. Approximately 2 months before defendant's 60th birthday he was notified that on his 60th birthday the separation would take place.

An officeholder has no contract rights or vested rights to public office. See *Detroit* v. *AASER & MCE of A.,* 332 Mich 237; *Robbins* v. *Wayne County Board of Auditors,* 357 Mich 663; *Gaidamavice* v. *Newaygo Board of County Road Commissioners,* 341 Mich 280.

Prior to his 60th birthday there could be no vested right in Driver that was violated by the retirement board's act of September 25, 1959.

Appellant Driver states that: "No rules of procedure providing for reconsideration are in the record," but the answer to that contention is that nothing prevents reconsideration by the board.

Our answer to question No. 1 is that the retirement board had the right to rescind its resolution of June 2, 1959.

Question No. 2: *Procedurally can plaintiffs maintain a chancery bill when plaintiffs are not the real parties in interest?*

Appellant Driver's position on this point is set forth in his brief as follows:

"Stripped of all verbiage, plaintiffs' only purported justiciable controversy is that they cannot furnish a list of eligibles to the appointing authority when and if the appointing authority so requests.

"Perhaps the appointing authority may not so request, even if a vacancy exists. Perhaps for budgetary reasons, the council may not desire to fill the position and leave it vacant. Perhaps the council may upon the recommendation of the commission of public safety merge the present positions of fire

chief and chief of police and create a director of public safety. In other words, the plaintiffs are at least 1 step removed from having the powers conferred upon them by Act No 78 being capable of being exercised."

Plaintiffs are members of the fire and police civil service commission and their statutory duties require them to investigate complaints and render decisions thereon. The record discloses that complaints were made in regard to the continuance of appellant Driver as chief of police.

The retirement board's rescinding action and refusal of an extension beyond retirement age was followed by resolution of the fire and police civil service commission declaring the position of chief of police vacant as of January 1, 1960. Plaintiffs were prevented from taking the required steps under civil service for filling the vacancy by defendants' decision to follow the ruling of the city attorney, namely, that the action of the retirement board of September 25th should be disregarded.

The retirement board had completed all and any action it could take. The plaintiff commission could have proceeded to fill the vacancy if it had not been prevented from doing so by defendants' actions.

We hold that said commission was a real party in interest.

Question No. 3: *Is a home-rule city's retirement ordinance requiring mandatory retirement at age 60 of a chief of police null and void as being contrary to the police and fire civil service commission statute of the State of Michigan (PA 1935, No 78, as amended)?*

Appellant Driver's contention that retirement ordinance 240, § 18, is contrary to PA 1935, No 78, as amended, is based upon appellant's reasoning as follows: That the intent of the electorate of Allen

Park in adopting by referendum the provisions of PA 1935, No 78, as amended,* was to place all police officers and firemen under civil service, and by such action it expressly included the chief of police; further, that under the terms of the statute the chief of police could not be discharged in any manner or means other than prescribed by said Act No 78, therefore, his tenure in office is merely during good behavior and efficient service and he could only be removed and discharged under the provisions of section 14 of the act (CLS 1956, § 38.514 [Stat Ann 1958 Rev § 5.3364]), which state:

"The tenure of every one holding an office, place, position or employment under the provisions of this act shall be only during good behavior and efficient service; and any such person may be removed or discharged, suspended without pay, deprived of vacation privileges or other special privileges, by the civil service commission, for incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment to the public, neglect of duty, violation of the provisions of this act or the rules of the commission, or any other failure of good behavior, or any other acts of misfeasance, malfeasance or nonfeasance in office."

In answer to the question here presented, we adopt the trial court's opinion as follows:

"It is the claim of plaintiffs that under this section of the home-rule cities act that the city of Allen Park, being a home-rule city, is authorized to adopt Ordinance No 240 and that it is not inconsistent to PA 1935, No 78* but rather supplementary to Act No 78, Act No 78 not contemplating retirement; and it further is argued by the plaintiffs that Act No 78

---

* CL 1948 and CLS 1956, § 38.501 *et seq.*, as last amended by PA 1957, No 94 (Stat Ann 1958 Rev § 5.3351 *et seq.*).—Reporter.

clearly does not contemplate retirement because PA 1937, No 345, as amended† * * * clearly provides for retirement system and certainly is not inconsistent with Act No 78.

"The court is of the opinion that there is not a conflict between the act and the ordinance. The court is of the opinion that under the home-rule provision previously cited, there is authority within the city of Allen Park to adopt Ordinance No 240, and it is clear to the court that it was the intention of the legislature to give that authority or the authority to adopt the other retirement system under Act No 345, because clearly the legislature when it enacted Act No 345 knew of the existence of PA 1935, No 78 and the two must be read together. This being so, it is obvious to the court that the legislature intended Act No 78 not to cover retirement but merely to cover performance of duty, misfeasance, malfeasance, nonfeasance and so forth, but not to cover retirement because the legislature after adopting Act No 78 provided for the establishment of a retirement system under Act No 345. This being so, it appears to the court the cities were given alternative means of establishing retirement systems for the police and fire department, either by the adoption of Act No 345, which the city of Allen Park did not do, or as a home-rule city the adoption of its own ordinance under charter provisions authorizing it, and clearly the charter provisions of the charter of the city of Allen Park authorize the adoption of a retirement system. This being so the court must hold that Ordinance No 240 does not conflict with Act No 78, but is supplemental thereto and that its terms are proper."

Question No. 4: *Is appellant Driver correct in his contention that this is an action to try title to an office and that quo warranto is the proper and*

---

† CL 1948 and CLS 1956, § 38.551 *et seq.*, as last amended by PA 1959, No 105, and PA 1959, No 224 (Stat Ann 1958 Rev and 1959 Cum Supp § 5.3375[1] *et seq.*).—REPORTER.

*only adequate remedy at law and may not be substituted by a declaratory judgment action?*

CL 1948, § 691.501 (Stat Ann § 27.501), permits the Court to "make binding declarations of rights whether any consequential relief is or could be claimed, or not, including the determination at the instance of anyone interested in the controversy, of the construction of any statute, municipal ordinance or other governmental regulation."

It is the general rule that the granting of declaratory relief is discretionary. *Rott* v. *Standard Accident Insurance Co.,* 299 Mich 384. See, also, 16 Am Jur, Declaratory Judgments, § 14, p 287; 12 ALR 66; 19 ALR 1127; 50 ALR 45; and 87 ALR 1212. In *Commissioner of Revenue* v. *Grand Trunk Western R. Co.,* 326 Mich 371, at page 375, we stated:

"The declaratory judgment statute is 'remedial, and is to be liberally construed and liberally administered with a view of making the courts more serviceable to the people.' "

The question presented herein concerns not the title to the office of the chief of police, but the validity of the resolution of the retirement board in retiring defendant Driver. It is, therefore, a proper subject for a declaratory judgment, and appellant's contention that *quo warranto* was the only action plaintiffs could bring is without merit. The trial court was correct in ruling that the case was properly before the court upon the question of an injunction and declaration of rights.

In its decree, the court provided:

"That the defendant, Marvin Driver, may receive and retain moneys heretofore paid and to be paid from January 1, 1960, until 20 days following the entry of this decree, for services rendered by him as chief of police for the city of Allen Park, upon the theory of *quantum meruit,* in accordance with

the prevailing salary arrangements heretofore made with the said Marvin Driver."

We extend the date of defendant Driver's right to retain moneys paid him to the date of final adoption of this opinion by this Court.

Affirmed. No costs, a public question being involved.

DETHMERS, C. J., and CARR, TALBOT SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.