O'BRIEN *v.* CITY OF DETROIT ELECTION COMMISSION

ELECTIONS—OFFICERS—MUNICIPAL   CORPORATIONS—CONSTITUTIONAL
LAW—LEGISLATORS—CITY TREASURER.

> A state legislator is ineligible for appointment or election to the office of city treasurer during the period of his term in the legislature because the office of city treasurer is a state office since that officer is the collector of school taxes and the public schools are state agencies (Const 1963, art 4, § 9).

Appeal from Wayne, Joseph Moynihan, Jr., J., and from Court of Appeals prior to decision. Submitted August 18, 1969. (Docket No. 52,556.) Decided August 19, 1969. Opinion filed July 28, 1970.

Complaint by William J. O'Brien against City of Detroit Election Commission, Secretary of Detroit Election Commission, and City of Detroit Clerk for a writ of mandamus to compel defendants to strike the names of James Del Rio and Frank Wierzbicki from the ballots as candidates for the office of treasurer for the City of Detroit. Complaint dismissed. Plaintiff appealed to the Court of Appeals and applied to the Supreme Court for leave to appeal prior to decision by the Court of Appeals. Leave granted. Writ of mandamus ordered to issue.

*A. R. DeBiasi* and *M. John Shamo,* for plaintiff.

*Robert Reese,* Corporation Counsel, and *Robert D. McClear* and *David S. DeWitt,* Assistants Corporation Counsel, for defendants.

REFERENCE FOR POINTS IN HEADNOTE
42 Am Jur, Public Officers § 58 *et seq.*

*Amicus Curiae: Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Russell A. Searl,* Assistant Attorney General.

PER CURIAM. In this case, plaintiff filed an emergency motion for leave to appeal to this Court prior to disposition by the Court of Appeals. The motion was granted. This Court, on its own motion, reversed the judgment of the Wayne County Circuit Court dismissing plaintiff's action and remanded the case to the trial court to enter a judgment of mandamus.

In the case of *Richardson* v. *Secretary of State* (1968), 381 Mich 304, this Court gave consideration to the eligibility of a legislator to receive appointment or election to another public office during the period of his term in the legislature. Following the reasoning of *Richardson,* this Court concluded that a state legislator is ineligible for the office of Detroit city treasurer as being a state office within the meaning of the constitutional provision.* See *Attorney General, ex rel. Moreland,* v. *Common Council of City of Detroit* (1897), 112 Mich 145, pp 166–168. The city treasurer is the collector of school taxes. The public schools are state agencies. See *Public Schools of the City of Battle Creek* v. *Kennedy* (1929), 245 Mich 585, 587 (and cases cited therein).

T. E. BRENNAN, C. J., and DETHMERS, KELLY, T. M. KAVANAGH, ADAMS, and T. G. KAVANAGH, JJ., concurred.

BLACK, J., did not sit in this case.

---

* Const 1963, art 4, § 9.—REPORTER.