# STATE OF MICHIGAN

# COURT OF APPEALS

SELENA PASSENO,

Plaintiff-Appellant,

v

CARMELLA SABAUGH and MACOMB
COUNTY BOARD OF CANVASSERS,

Defendants-Appellees.

UNPUBLISHED
June 14, 2016

No. 325027
Macomb Circuit Court
LC No. 2014-004451-AW

Before: TALBOT, C.J., and MURRAY and SERVITTO, JJ.

PER CURIAM.

In this challenge to an election in the village of New Haven in Macomb County, plaintiff appeals as of right a circuit court order denying her complaint for a writ of mandamus directed toward defendants. We affirm.

Plaintiff, who prior to the November 2014 election held the office of the village president, lost the election to Chris Dilbert. After the election was certified, plaintiff filed a complaint seeking a writ of mandamus compelling defendants to declare void the votes that Dilbert received on the basis that he received votes while in default on property tax and water bill debts to the village. Defendants disputed that Dilbert had defaulted on any debts to the village, and argued that they had no clear legal duty to declare Dilbert's votes void. The circuit court denied plaintiff's requested relief, concluding in part that plaintiff had an alternative form of relief—quo warranto—and so was not entitled to mandamus.

The trial court did not abuse its discretion in denying mandamus relief. *Lansing Sch Ed Ass'n v Lansing Bd of Ed (On Remand)*, 293 Mich App 506, 513; 810 NW2d 95 (2011). Although, as plaintiff argues, MCL 62.7(2) mandates the void nature of votes cast for a village officer when the officer owed the village money, plaintiff is still not entitled to mandamus relief. A litigant's entitlement to a writ of mandamus exists only when (1) "the plaintiff has a clear legal right to performance of the specific duty sought," (2) "the defendant has a clear legal duty to perform," (3) "the act is ministerial," and (4) "no other legal or equitable remedy exists that might achieve the same result." *Hanlin v Saugatuck Twp*, 299 Mich App 233, 248; 829 NW2d 335 (2013). A clear legal right means "one clearly founded in, or granted by, law; a right . . . inferable as a matter of law from *uncontroverted* facts regardless of the difficulty of the legal

-1-

question to be decided." *Rental Props Owners Ass'n of Kent Co v Kent Co Treasurer*, 308 Mich App 498, 519; 866 NW2d 817 (2014) (emphasis added).

There are at least two reasons why the trial court properly rejected plaintiff's request for mandamus. First, plaintiff could not establish a clear legal right because the facts regarding Dilbert's debts to the village were controverted. *Rental Props Owners Ass'n*, 308 Mich App at 519. Second, the circuit court properly found that after the November 4, 2014 village election votes were totaled and Dilbert became the village president on November 20, 2014, MCL 62.4, plaintiff had the option of initiating a quo warranto action against Dilbert, instead of the writ of mandamus. In *Davis v Chatman*, 292 Mich App 603, 606; 808 NW2d 555 (2011), this Court held, amongst other things, that a quo warranto action constituted the proper avenue of revisiting the validity of an elected official who already had assumed his office:

> "Quo warranto" is a "common-law writ used to inquire into the authority by which a public office is held or a franchise is claimed." Black's Law Dictionary (9th ed). Quo warranto is the only appropriate remedy for determining the proper holder of a public office, see *People v Tisdale*, 1 Doug 59 (Mich, 1843), overruled in part on other grounds in *Petrie v Curtis*, 387 Mich 436, 438-441; 196 NW2d 761 (1972), and *Layle v Adjutant General*, 384 Mich 638, 641; 186 NW2d 559 (1971), including who is the proper holder of the position of school board member, *Williams v Lansing Bd of Ed*, 69 Mich App 654, 659; 245 NW2d 365 (1976). Both the statute and court rule permit a party to bring an action for quo warranto if the Attorney General declines to bring such a suit—as was the case here. MCL 600.4501; MCR 3.306; see, also, *Barrow*, 290 Mich App at 540-541. [*Id.* at 612.]

Because a quo warranto action remained available to plaintiff, and according to *Davis* was the legal remedy for her to pursue given the time at which she filed a challenge, she failed to establish the prerequisite for a writ of mandamus that "no other legal or equitable remedy exists that might achieve the same result." *Hanlin*, 299 Mich App at 248.

Affirmed.

/s/ Michael J. Talbot
/s/ Christopher M. Murray
/s/ Deborah A. Servitto

-2-