ANDERSON v. VILLAGE OF ROCHESTER.

MUNICIPAL CORPORATIONS—ORDINANCES—CURB GASOLINE PUMPS—
DECLARATORY JUDGMENT—STATUTES.
  Citizens and taxpayers engaged in operating gasoline stations
  are not entitled to attack validity of village ordinance permitting use of curb gasoline pumps, in suit for declaration of
  rights under declaratory judgment statute (3 Comp. Laws
  1929, §§ 13903–13909), in absence of showing that their business will be injured thereby.

Appeal from Oakland; George (Fred W.), J., presiding. Submitted April 6, 1933. (Docket No. 37, Calendar No. 37,026.) Decided May 16, 1933.

Bill by Henry R. Anderson and another against Village of Rochester, a municipal corporation, for a declaration of rights pursuant to 3 Comp. Laws 1929, §§ 13903–13909) under a village ordinance relative to curb gasoline pumps. Bill dismissed. Plaintiffs appeal. Affirmed.

*Luther C. Green,* for plaintiffs.

*Wilson B. Severance,* for defendant.

McDONALD, C. J.   This bill was filed under the so-called declaratory judgment statute, Act No. 36, Pub. Acts 1929 (3 Comp. Laws 1929, §§ 13903–13909), to determine the rights of the parties in respect to an ordinance passed by the village of Rochester permitting the use of curb gasoline pumps on its streets. The ordinance was passed on the 27th of June, 1932, and became effective on the 27th of July, 1932. Before its effective date the plaintiffs filed this bill in equity seeking relief by declaratory decree. The plaintiffs are citizens and taxpayers of the village of Rochester. Individually they own, operate, or lease gasoline stations. Their bill is founded on the theory that the operation of the ordinance will create unfair competition and result in damage to their business. At the conclusion of the hearing the trial judge dismissed their bill. They have appealed.

Passing the question whether the plaintiffs have shown an actual controversy entitling them to relief by virtue of the declaratory judgment statute, we may rest decision on the ground that, merely as

taxpayers engaged in the gasoline business, they have no such interest as entitles them to attack the validity of the ordinance.

In the first place, it does not appear that their business will be injured by the operation of this ordinance. On the cross-examination of the plaintiff Anderson, he was asked if he had suffered any damage because of the ordinance, and he answered: "I don't know." The plaintiff Chapman also testified, and stated as his theory of damages that: "It would naturally make competition keener and business divided up."

Whether the ordinance permitting the use of curb gasoline pumps would encourage others to go into the business is entirely speculative. But regardless of its effect in that respect, the village of Rochester owes the plaintiffs no immunity from competition from others who may engage in like business. They are entitled to the same privileges as their competitors, and this the ordinance gives them. If there be any advantage in maintaining a curb pump, they may have it to the same extent as others. Neither the pleadings nor proof shows an invasion of their private rights in business or property. No interest appears which would give them the right to maintain this suit.

The decree is affirmed, with costs to the defendant.

CLARK, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.