ACACIA MUTUAL LIFE INSURANCE CO. v. JAGO.

1. INSANE PERSONS—LUCID INTERVALS—CONTRACTS—PRESUMPTIONS.
    While an insane or incompetent person is under actual and subsisting guardianship as to his estate, he is conclusively presumed incompetent to make a valid contract, notwithstanding it was made during a lucid interval.

2. GUARDIAN AND WARD—COURT OFFICER—TRANSFER OF WARD'S ESTATE.
    A guardian of an insane or incompetent person is an officer of the court and has the sole legal right to sell, assign or mortgage the property belonging to his ward's estate, and any such transfer without the knowledge or consent of the guardian is void.

3. INSANE PERSONS—ASSIGNMENT OF PROCEEDS OF LIFE INSURANCE POLICY.
    On insurer's bill of interpleader, insured's assignment of proceeds of life insurance policy to person who had furnished room, board and nursing facilities made during a lucid interval by insured, a person who had been legally adjudged mentally incompetent, but without knowledge of his guardian *held*, void, as against claim of widow, the beneficiary named in policy.

Appeal from Kent; Perkins (Willis B.), J. Submitted April 20, 1937. (Docket No. 140, Calendar No. 39,496.) Decided June 7, 1937. Rehearing denied September 1, 1937.

Bill of interpleader by Acacia Mutual Life Insurance Company against Cora Amelia Jago and Hattie Bisbee, John M. Dunham and Arthur R. Sherk to ascertain to whom proceeds of life insurance policy should be paid. From decree, defendant Jago appeals. Reversed.

*Gillard & Gillard,* for defendant Jago.

*John M. Dunham,* for defendants Bisbee, Dunham and Sherk.

BUTZEL, J. Plaintiff filed a bill of interpleader to determine the rights of various claimants to the proceeds, of an insurance policy. Mrs. Jago, widow of the insured, claims the insurance as the beneficiary named in the policy. Mrs. Bisbee claims $1,400 of the proceeds by virtue of a written assignment made by the insured at the time when an adjudication of mental incompetency was in force and when there was a guardian of the person and the estate, duly appointed by the probate court. The other defendants claim a small amount of Mrs. Bisbee's share by virtue of an assignment from her. The proofs tend to show that the insured was fully able to comprehend the nature of the assignment to Mrs. Bisbee at the particular time it was made; that it was in payment of $1,400 due Mrs. Bisbee for room, board and nursing furnished the insured who was suffering from encephalitis. The assignment,

however, was made without the knowledge or consent of the guardian.

After a careful examination of the authorities in other jurisdictions as well as *Chase* v. *Spencer,* 150 Mich. 99, we conclude that the correct rule is that while an insane or incompetent is under actual and subsisting guardianship of estate, he is conclusively presumed incompetent to make a valid contract, notwithstanding it was made during a lucid interval. See compilation of authorities in 7 A. L. R. 568. He is a ward of the probate court under the laws of this State. The guardian, an officer of the court, has the sole legal right to sell, assign or mortgage the property belonging to his ward's estate, and any such transfer without the knowledge and consent of the guardian is void. For this reason, we are constrained to reverse the decree of the lower court awarding Mrs. Bisbee the full amount of her claim. We hold that Mrs. Jago has the sole right to the insurance. A decree may be so entered, with costs to Mrs. Jago.

Fead, C. J., and North, Wiest, Bushnell, Sharpe, Potter, and Chandler, JJ., concurred.