CITY OF FLINT *v.* CONSUMERS POWER CO.

1. ACTION—DECLARATORY  JUDGMENT—MUNICIPAL  CORPORATIONS—
   FRANCHISES—ELECTRICITY.
   Plaintiff, a city, was not entitled to maintain suit for declaratory
      judgment to have defendant electric company's right to con-
      duct its business and maintain its equipment in the city after
      expiration of its then current franchise without first obtaining
      plaintiff's consent because of certain inherent rights allegedly
      vested in defendant by a statute where suit was commenced

five days before expiration of franchise as there was, at that time, no controversy between the parties as to the conduct of defendant's business and plaintiff does not claim that its rights would be jeopardized or impaired within such five-day period (3 Comp. Laws 1929, § 13903 *et seq.;* Act No. 264, Pub. Acts 1905).

2. SAME—DECLARATORY JUDGMENT—STATUTES.

In determining the circumstances or conditions which would justify instituting a proceeding to obtain a declaratory adjudication of rights the Supreme Court must be mindful of the purpose which such statutory proceeding is designed to serve (3 Comp. Laws 1929, § 13903 *et seq.*).

3. SAME—DECLARATORY JUDGMENT—STATUTES.

The statute providing for a declaration of rights does not constitute a court a fountain of legal advice nor provide for institution of a proceeding in the absence of an actual controversy; the proceeding thereunder being a special one which is not a substitute for regular actions (3 Comp. Laws 1929, § 13903 *et seq.*).

4. SAME—DECLARATORY JUDGMENT—RIGHTS DETERMINED USUALLY NOT IN PRÆSENTI.

Usually rights to be determined by declaratory judgment or decree may be, and perhaps are, rights not *in præsenti,* but rights which are to come into full fruition or which will be fully vested at some future time (3 Comp. Laws 1929, § 13903 *et seq.*).

5. SAME—DECLARATORY JUDGMENT—NEEDLESS HAZARDS OR POSSIBLE LOSSES.

An actual present controversy justifying a declaratory adjudication is present where uncertainties and controversies arise between interested parties as to what their respective rights will be when such rights accrue or become vested and it is necessary presently to have decision of such uncertain or controverted rights to avoid needless hazards or possible losses (3 Comp. Laws 1929, § 13903 *et seq.*).

6. SAME—DECLARATORY JUDGMENT—LOSS OR IMPAIRMENT OF RIGHTS.

Parties who will not be subjected to loss nor impairment of rights by waiting until alleged rights accrue to institute proceedings are not entitled to a declaratory judgment or decree (3 Comp. Laws 1929, § 13903 *et seq.*).

7. SAME—DECLARATORY JUDGMENT—NECESSITY FOR PRESENT ADJUDI-
CATION.

One test of right to institute proceeding for a declaratory judg-
ment or decree· is the necessity for present adjudication as a
guide to plaintiff's future conduct in order to preserve its legal
rights (3 Comp. Laws 1929, § 13903 *et seq.*).

8. SAME—DECLARATORY JUDGMENT—DISMISSAL WITHOUT PREJUDICE.

Dismissal of suit for declaration of rights because prematurely
brought is without prejudice to institution of such proceedings
at law or in equity as deemed advisable for determination of
rights of parties.

Appeal from Genesee; Elliott (Philip), J. Sub-
mitted June 7, 1939. (Docket No. 29, Calendar No.
40,491.) Decided September 5, 1939.

Bill by City of Flint against Consumers Power
Company, a Maine corporation, for a declaratory
judgment regarding the duration and extent of
rights of parties under a franchise. From decree
denying motion to dismiss, defendant appeals. Re-
versed.

*Hymen Hoffman,* City Attorney, and *Lewis
Kearns,* Assistant City Attorney, for plaintiff.

*Brownell & Gault* and *Walter D. Kline,* for de-
fendant.

NORTH, J. Plaintiff, proceeding under 3 Comp.
Laws 1929, § 13903 *et seq.* (Stat. Ann. § 27.501 *et
seq.*), filed a petition in equity to secure a declaration
of rights. Defendant moved to dismiss, asserting
that a proper cause for a declaration of rights was
not alleged in plaintiff's petition and that it appears
on the face of the petition the suit was prematurely
brought. The circuit judge denied defendant's mo-
tion. Leave having been obtained, defendant has
appealed.

Defendant is engaged in the public service of furnishing to its customers in the city of Flint electric current for heat, light and power. It is agreed that at the time this suit was started (December 24, 1938), defendant was lawfully carrying on its business under a 30-year franchise which had its inception December 30, 1908. At that time Act No. 264, Pub. Acts 1905, was a part of the statutory law of Michigan. This act of the legislature authorized under certain conditions and restrictions the use of public streets and alleys by persons, firms and corporations engaged in the manufacture and distribution of electrical current, as is defendant. The basis of asking a decretal declaration of plaintiff's rights is set forth in its petition as follows:

"That defendant contends, and the plaintiff has been so informed, that it intends to conduct its electric business and maintain its equipment in the city of Flint after the expiration of said franchise without first obtaining the consent of the plaintiff, because of certain inherent rights allegedly vested in the defendant under and by virtue of Act No. 264, Pub. Acts 1905, of the legislature of the State of Michigan, including the location of underground equipment which is not permitted therein, and as to all of which the plaintiff expressly denies."

Plaintiff alleges defendant's franchise "will expire by its terms on December 29, 1938." Hence it appears that this petition for a declaration of rights was filed five days before defendant's franchise expired. At that time there was no controversy between the parties as to defendant's conduct of its business being wholly within its legal rights. Nor is any claim made in plaintiff's petition for need of declaratory adjudication on the ground that otherwise within this five-day period its rights would be jeopardized or impaired. Conclusively under this

record, plaintiff could have waited five days before instituting suit and then it would have had an actual issue *in præsenti* to litigate if defendant took the position plaintiff has alleged in the above-quoted portion of its petition, *i. e.,* defendant intended to continue to conduct its business in Flint without first obtaining consent from the city to use its streets, alleys, et cetera. Under such a record, defendant's motion to dismiss should have been granted.

In determining the circumstances or conditions which would justify instituting a proceeding to obtain a declaratory adjudication of rights, we must be mindful of the purpose which this statutory proceeding is designed to serve. It is definitely settled in this jurisdiction that our statute providing for a declaration of rights "does not constitute a court a fountain of legal advice." *Washington-Detroit Theatre Co.* v. *Moore,* 249 Mich. 673, 676 (68 A. L. R. 105). Likewise such a proceeding may not be instituted in the absence of an actual controversy. Our statute above cited expressly so provides; and even before such provision was expressly embodied in the statute, that was the holding of this court. *Anway* v. *Railway Co.,* 211 Mich. 592 (12 A. L. R. 26). Also we have held that a proceeding under this statute is special and "is not a substitute for the regular actions." *Village of Grosse Pointe Shores* v. *Ayres,* 254 Mich. 58, 62.

But the rights to be determined by declaratory judgment or decree may be and perhaps usually are rights not *in præsenti,* but rights which are to come into full fruition or which will be fully vested at some future time. If uncertainties and controversies arise between interested parties as to what their respective rights will be when such rights accrue or become vested, and to avoid needless hazards or possible losses, it is necessary presently to have de-

cision of such uncertain or controverted rights, then there is actual need of and justification for declaratory adjudication. Otherwise there is no actual present controversy in the true sense, and no need of nor justification for litigation of this character. If the parties will not be subjected to loss nor their rights impaired by instituting proceedings after the alleged rights accrue rather than resorting to declaratory proceedings prior to the actual accrual of such rights, there is no justification for asking a declaratory judgment or decree. At least one of the tests of right to resort to a declaratory proceeding is the "necessity for present declaratory judgment as a guide to plaintiff's future conduct in order to preserve its legal rights." *Wolverine Mutual Motor Ins. Co.* v. *Clark,* 277 Mich. 633, 637.

"The court will not decide as to future rights but will wait until the event has happened, unless special considerations otherwise require. (Citing cases.)" *Washington-Detroit Theatre Co.* v. *Moore, supra.*

"A declaratory judgment may be resorted to only when circumstances render it 'useful and necessary;' where it will 'serve some practical end in quieting or stabilizing an uncertain or disputed jural relation either as to present or prospective obligations.' (*James* v. *Alderton Dock Yards,* 256 N. Y. 298, 305 [176 N. E. 401].) 'Where there is no necessity for resorting to the declaratory judgment, it should not be employed.' (*Id.*)" *Somberg* v. *Somberg,* 263 N. Y. 1 (188 N. E. 137).

In the instant case there was no present controversy in the sense that justifies resort to litigation looking to a declaration of rights. There was no threat to change the status of either party in a manner that would affect the rights of either or that would subject plaintiff to any actual or threatened loss or damage, or to any disadvantage in ultimately asserting and maintaining its legal rights.

Our conclusion herein is in accord with our announced decisions on this phase of the law. In addition to the cases already cited, see *Henze* v. *City of Detroit,* 250 Mich. 597; *Miller* v. *Siden,* 259 Mich. 19; *Anderson* v. *Village of Rochester,* 263 Mich. 130; *Central High School Athletic Ass'n* v. *City of Grand Rapids,* 274 Mich. 147; and *Page* v. *Story,* 280 Mich. 43.

The order entered in the circuit court denying defendant's motion to dismiss is reversed; and plaintiff's petition is dismissed, but without prejudice to instituting such proceedings at law or in equity as it may deem advisable for determination of the rights of these parties. Costs to defendant.

BUTZEL, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, and McALLISTER, JJ., concurred with NORTH, J.

WIEST, J., concurred in the result.