## DAYIANTIS *v.* BLACKHAWK, INCORPORATED

1. MENTAL HEALTH—INCOMPETENCE—DEFINITION.

   A mentally incompetent person is one who is so affected mentally as to be deprived of sane and normal action, or who lacks sufficient capacity to understand in a reasonable manner the nature and effect of the act he is performing.

2. MENTAL HEALTH—INCOMPETENCE—EVIDENCE.

   Finding of the trial court that plaintiff, in an action to set aside a tax sale of his apartment house on the ground of his incompetence at the time of sale, was unable to understand the nature and effect of his failure to pay back taxes and the fact that such failure would result in a loss of his property was not contrary to the great weight of the evidence where plaintiff did not pay 1960 taxes but paid taxes in subsequent years, the land was sold for 1960 taxes, and he received proper notice of his right to a reconveyance in 1965 but failed to exercise the right, and where there was testimony by his insurance agent, who had known him for a number of years, that plaintiff was very confused with reference to his tax situation in 1965, that the mention of taxes caused him to become wild to the point of threatening to shoot the county treasurer and displaying a pistol, that he felt that he had paid his taxes and was being gypped, and that he was unrealistic in the management of his apartment properties, and testimony by a psychiatrist that plaintiff was suffering from senile dementia, a slowly progressive condition, and that in his opinion plaintiff was incompetent in 1965 (MCLA § 211.69).

Appeal from Genesee, Philip C. Elliott, J. Submitted Division 2 April 6, 1971, at Lansing. (Docket No. 8206.) Decided April 27, 1971.

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur 2d, Incompetent Person § 1 *et seq.*
[2] 41 Am Jur 2d, Incompetent Person § 142 *et seq.*
Admissibility and probative force, on issue of competency to execute an instrument, of evidence of incompetency at other times. 168 ALR 972.

Complaint by George M. Dayiantis by his next friend, Jonathan E. Maire, against Blackhawk, Incorporated, and others to set aside a tax sale. Judgment for plaintiff. Defendant appeals. Affirmed.

*Jonathan E. Maire* and *Andrew J. Transue,* for plaintiff.

*Maurine Jones McKenna,* for defendant Blackhawk, Inc.

Before: QUINN, P. J., and R. B. BURNS and McGREGOR, JJ.

PER CURIAM. The court in a nonjury trial found that plaintiff, an 83-year-old man, was incompetent, and set aside a judgment which ordered the tax sale of an apartment owned by the plaintiff to defendant Blackhawk, Incorporated. The trial court set aside the tax sale, in accordance with CL 1948, § 211.69 (Stat Ann 1960 Rev § 7.114). See also *Young* v. *Blanchard* (1911), 165 Mich 341.

Plaintiff failed to pay his 1960 county taxes on a certain apartment house which he owned. Although he paid the taxes in subsequent years, he failed to pay the 1960 taxes despite notices that they were still owing. The building was sold at a tax sale in May 1963, to Blackhawk, Incorporated; a deed was executed and delivered to Blackhawk in May 1964, but was not recorded until March of 1965. Plaintiff was not given a proper notice of reconveyance until October 1965, but he failed to exercise his option to reclaim the property within the statutory six months from that date.

In 1967, plaintiff brought suit to set aside the tax sale. It was alleged that plaintiff was an incompetent person at the time of the sale. The trial court determined from testimony presented that plaintiff

was incompetent in 1963 and continued to remain incompetent. The sole question raised on appeal is whether the trial court's finding is contrary to the great weight of the evidence.

Plaintiff's insurance agent, who had known plaintiff over a number of years, testified at trial that plaintiff was very confused with reference to his tax situation in 1965. The mere mention of taxes caused plaintiff to become wild to the point of threatening to shoot the county treasurer, such threats being accompanied by the display of a pistol. Plaintiff felt that he had paid his taxes and expressed his belief that he was being gypped. The insurance agent also testified that plaintiff was unrealistic in the management of his apartment properties.

A psychiatrist testified that plaintiff was suffering from senile dementia and expressed his professional opinion that the plaintiff was incompetent in 1965. The psychiatrist further testified that senile dementia was a slowly progressive condition.

A mentally incompetent person is one who is so affected mentally as to be deprived of sane and normal action, or who lacks sufficient capacity to understand in a reasonable manner the nature and effect of the act he is performing. See *In re Johnson's Estate* (1938), 286 Mich 213; *Hillman* v. *Huitt* (1929), 249 Mich 1.

A review of the testimony offered below fails to convince this Court that the finding of incompetency by the trial court was clearly erroneous and contrary to the great weight of the evidence. There was sufficient evidence to support the finding that plaintiff was unable to understand the nature and effect of his failure to pay the back taxes or the fact that such failure would result in a loss of his property.

Affirmed. Costs to plaintiff.