HERNANDEZ v CONSUMERS POWER COMPANY

1. PUBLIC SERVICE COMMISSIONS—UTILITIES—TERMINATION OF SERVICE —CONSTITUTIONAL LAW—DUE PROCESS.

The constitutionality of a rule of the Michigan Public Service Commission granting utility companies the right to terminate service for failure to pay a disputed bill without affording an opportunity for a prior determination of liability involves the question of due process, is of significant public interest, is likely to recur, and has not become moot even though the customer has changed his residence, where he is still a direct subscriber of defendant's utility service and continues to be subject to termination under the rule (1954 Administrative Code, R 460.923).

2. DISMISSAL AND NONSUIT—CLASS ACTIONS.

The dismissal of a class action as to all except the named plaintiff was proper where no useful purpose could be served by the class action and the trial court could reach the issues without a class action, and where no monetary damages were claimed, eliminating any benefits of consolidation.

Appeal from Ingham, Sam Street Hughes, J. Submitted Division 2 December 6, 1973, at Lansing. (Docket No. 16226.) Decided January 16, 1974.

Complaint by Lauro Hernandez for himself and all others similarly situated against Consumers Power Company to prevent termination of service for failure to pay disputed bills before a determination of liability. Dismissed. Plaintiff appeals.

REFERENCES FOR POINTS IN HEADNOTES

[1] 64 Am Jur 2d, Public Utilities §§ 62–74.
[2] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 15, 16, 45.

Reversed and remanded as to plaintiff Hernandez. Affirmed as to all others.

*George L. Corsetti,* Michigan Legal Services Assistance Program, and Greater Lansing Legal Aid Bureau (by *William Putlusker),* for plaintiffs.

*Fraser, Trebilcock, Davis & Foster,* for defendant.

Before: DANHOF, P. J., and BRONSON and O'HARA,* JJ.

DANHOF, P. J. Plaintiff, on behalf of himself and others similarly situated, appeals from the trial court's order dated December 21, 1972, which dismissed this action as moot.

The action sought redress of the rights of those who have had or are subject to having gas service terminated by defendant pursuant to Rule 33, Order 1982[1] of the Michigan Public Service Commission. This rule allows discontinuance of service for failure to pay any bill for gas service which remains unpaid for 10 days after the expiration of a discount period without affording the consumer an opportunity for a prior determination of liability for such billing. It is claimed that such a termination denies plaintiff due process of law as guaranteed by the United States and Michigan Constitutions.

Plaintiff, his wife and 7 children resided at 1317 North High Street, Lansing, Michigan, prior to June 10, 1972. In March of 1972, defendant allegedly billed plaintiff for $387.66 for gas service at an address never owned or lived in by plaintiff.

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] 1954 Administrative Code, R 460.923.

On June 7, 1972, plaintiff's gas at the High Street address was turned off. On June 9, 1972 plaintiff filed a complaint and obtained a temporary restraining order preventing defendant from continuing to withhold gas service. On June 10, 1972, plaintiff moved to a new residence. After attempting to turn on plaintiff's gas at the old address, defendant turned on the gas at plaintiff's new residence on June 14, 1972.

On November 1, 1972 the trial court dismissed this action as to all others but plaintiff Hernandez. On December 21, 1972, the court, having determined that plaintiff had moved from the High Street address, dismissed this action as moot, citing the United States Supreme Court's memorandum disposition in *Northern States Power Co v Ihrke,* 409 US 815; 93 S Ct 66; 34 L Ed 2d 72 (1972). We affirm the trial court's dismissal as to all others but plaintiff Hernandez. We reverse the trial court's dismissal of plaintiff Hernandez's action as moot.

Plaintiff maintains that the facts in the present case are distinguishable from those in *Ihrke.* We agree. The facts in the *Ihrke* case, as set forth in 459 F2d 566 (CA 8, 1972), indicate that the Ihrke family was merely under a threat of termination of utility service and that, while their action was pending in the trial court, they moved from a residence where they directly subscribed to Northern's utility service to another where they received Northern's service through their landlord's subscription. In the case at bar, utility service was actually terminated for failure to pay the disputed bill. Even though plaintiff has changed residence, he is still a direct subscriber of defendant's utility service, and thus continues to be subject to termination under the rule at issue.

We are of the opinion that the controversy in this case, involving a constitutional question of significant public interest which is likely to recur, is not moot. *Regents of the University of Michigan v State of Michigan,* 47 Mich App 23; 208 NW2d 871 (1973). The importance of the issue presented has been noted in recent cases. See *Palmer v Columbia Gas of Ohio, Inc,* 479 F2d 153 (CA 6, 1973).

This Court is limited on review to the issues decided by the trial court. *Mayor of City of Dearborn v Dearborn Retirement Board of Trustees,* 315 Mich 18; 23 NW2d 186 (1946). *Diggs v State Board of Embalmers & Funeral Directors,* 321 Mich 508; 32 NW2d 728 (1948). The trial court must be given an opportunity to pass upon the constitutionality of the rule involved.

The dismissal of this action as to all others but plaintiff is affirmed. No useful purpose would be served by permitting this case to proceed as a class action. Since no monetary damages are claimed, any benefits of consolidation are eliminated. Moreover, the trial court can reach the issues presented without a class action.

The trial court should reinstate the restraining order as modified on August 9, 1972 and proceed to the merits of the case.

Reversed and remanded for proceedings not inconsistent with this opinion. No costs, a public question being involved.

All concurred.