MAY v LENEAIR

Docket No. 78-2766. Submitted April 2, 1980, at Detroit.—Decided August 11, 1980.

Alan A. May, as guardian of the estate of defendant Lucille Leneair, previously adjudged mentally incompetent, brought an action seeking a judicial declaration as to the validity of defendant Leneair's marriage to defendant Joseph A. Rice. Defendants moved for summary judgment, which motion was granted, the Wayne Circuit Court, Horace W. Gilmore, J., ruling that as a matter of law defendant Leneair had competency to marry. Plaintiff appeals. *Held:*

Defendant Leneair had been adjudged mentally incompetent prior to her marriage and, thus, falls within the statutory marriage prohibition. In addition, such a marriage is deemed invalid by case law and is void. Plaintiff, therefore, stated a claim upon which relief could be granted, requiring a trial on the merits. The grant of summary judgment by the trial court constitutes error.

Reversed and remanded.

BEASLEY, J., dissented. He would hold that the remedy of declaratory judgment is not available to adjudicate the validity

REFERENCES FOR POINTS IN HEADNOTES

[1] 61 Am Jur 2d, Pleading § 229 *et seq.*
[2, 4] 52 Am Jur 2d, Marriage §§ 17, 19.
[3] 41 Am Jur 2d, Incompetent Persons § 1.
[5] 5 Am Jur 2d, Appeal and Error § 726.
   Formal requirements of judgment or order as regards appealability. 73 ALR2d 250.
[6, 12, 13] 22 Am Jur 2d, Declaratory Judgments § 59.
[7] 4 Am Jur 2d, Annulment of Marriage § 59.
[8] 24 Am Jur 2d, Divorce and Separation § 477.
[9] 4 Am Jur 2d, Annulment of Marriage § 71.
   24 Am Jur 2d, Divorce and Separation § 271.
[10] 22 Am Jur 2d, Declaratory Judgments §§ 11, 79.
[11] 4 Am Jur 2d, Annulment of Marriage § 74.
   Power of incompetent spouse's guardian, committee, or next friend to sue for granting or vacation of divorce or annulment of marriage, or to make a compromise or settlement in such suit. 6 ALR3d 681.

of a putative marriage; rather, the proceeding should be in the form of an annulment action between the parties. He would reverse the trial court's grant of summary judgment and remand for dismissal of plaintiff's complaint, or, should plaintiff elect to amend his entitlement and pleadings to bring an action for annulment, for trial on the merits.

### OPINION OF THE COURT

1. JUDGMENTS — SUMMARY JUDGMENT — PLEADINGS — LEGAL BASIS — FACTUAL ALLEGATIONS — DENIAL.

A motion for summary judgment on the ground that the opposing party has failed to state a claim upon which relief can be granted is to be tested upon review by the pleadings alone, looking to the legal basis of the complaint, not whether it can be factually supported; the factual allegations are taken as true, along with any inferences or conclusions which may fairly be drawn from the facts alleged, and, unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover, the motion should be denied (GCR 1963, 117.2[1]).

2. MENTAL HEALTH — INCOMPETENCE — MARRIAGE PROHIBITION — STATUTES.

A person who has been adjudicated mentally incompetent falls within the statutory marriage prohibition (MCL 551.6; MSA 25.6).

3. MENTAL HEALTH — INCOMPETENCE — DEFINITION.

A mentally incompetent person is one who is so affected mentally as to be deprived of sane and normal action or who lacks sufficient capacity to understand in a reasonable manner the nature and effect of the act he is performing.

4. MENTAL HEALTH — INCOMPETENCE — MARRIAGE CONTRACTS — VALIDITY.

Marriage is a civil contract to which the consent of parties capable in law of contracting is essential; however, while an incompetent is under actual and subsisting guardianships of estate, he is conclusively presumed incompetent to make a valid contract, thus, an adjudicated mental incompetent cannot enter a valid marriage, and such an attempted marriage is void.

5. APPEAL — LIMITED REVIEW — ISSUES NOT DECIDED.

The Court of Appeals is limited on review to issues decided by the

lower court, and issues raised and presented but not decided by the lower court cannot be heard on appeal.

DISSENT BY BEASLEY, J.

6. JUDGMENTS — DECLARATORY JUDGMENTS — ANNULMENT OF MARRIAGE.

*A declaratory judgment holding a marriage to be void is different than a judgment annulling a pretended marriage; the marriage would not be annulled, and the legal effect of the declaratory judgment would be to say that if an annulment action were brought the marriage would be annulled.*

7. COURTS — EQUITY JURISDICTION — ANNULMENT OF MARRIAGE.

*Annulment can arise from the inherent equity jurisdiction which circuit courts derive from the constitution without the necessity of statute where it is not prohibited by law.*

8. DIVORCE — JUDGMENTS — COLLATERAL ATTACK.

*A divorce judgment may not be collaterally attacked.*

9. ACTIONS — REAL PARTIES IN INTEREST — MARRIAGE — ANNULMENT — DIVORCE.

*The real parties in interest in any annulment or divorce action are the parties to the marriage.*

10. ACTIONS — DECLARATORY RELIEF — REAL PARTY IN INTEREST.

*An action for declaratory relief may be brought only by a party with an interest in the subject matter and against a defendant with a similar interest.*

11. ACTIONS — ANNULMENT OF MARRIAGE — INCOMPETENTS — REAL PARTY IN INTEREST — GUARDIANS — PLAINTIFFS AND DEFENDANTS.

*An annulment action brought by a guardian on behalf of an incompetent must be in the name of the incompetent as plaintiff, and not in the name of the guardian as plaintiff, naming the incompetent and the partner to the alleged marriage as defendants.*

12. ACTIONS — DECLARATORY JUDGMENTS — MARRIAGE — ANNULMENTS.

*Declaratory judgments concerning the validity of a marriage should not be permitted; the proceeding should be in the form of an annulment action between the parties where there is a necessity to litigate the validity of a marriage.*

13. ACTIONS — COLLATERAL ATTACK — VALIDITY OF MARRIAGE —
  DECLARATORY JUDGMENT.
    *A third party may not collaterally attack the validity of a
    marriage by way of a declaratory judgment.*

*Charles Alpert,* for plaintiff.

*Elbert E. Cooper,* for defendants.

Before: J. H. GILLIS, P.J., and ALLEN and BEAS-
LEY, JJ.

J. H. GILLIS, P.J. Plaintiff, as guardian of the
estate of Lucille Leneair, commenced the present
action seeking a judicial declaration as to the
validity or invalidity of the defendants' marriage.

Plaintiff's complaint alleged the following rele-
vant facts:

That on November 9, 1970, Ms. Leneair was
adjudicated to be a mentally incompetent person
in an order of the Wayne County Probate Court,

That on July 15, 1975, Ms. Leneair filed a pe-
tition in Wayne County Probate Court seeking
restoration of her competency,

That on July 18, 1975, the defendants were
married,

That on July 16, 1976, at the conclusion of a
jury trial held pursuant to Ms. Leneair's petition,
she was found to be then and there mentally
incompetent to handle her own affairs, and

That plaintiff believes that the marriage was
invalid *ab initio* and, therefore, seeks a determina-
tion of validity or invalidity of the marriage.

On March 17, 1977, the defendants filed a mo-
tion for summary judgment, GCR 1963, 117.2. The
motion failed to state which subsection of the rule
it was brought under. The motion was granted, the
lower court ruling that as a matter of law Ms.

Leneair had competency to marry. Plaintiff appeals from the order entered pursuant to that ruling.

An examination of the order granting defendants' motion shows that the motion was granted because plaintiff failed to state a cause of action. That is the reason set forth in GCR 1963, 117.2(1). Accordingly, we shall review the grant of summary judgment under that subrule.

The standard governing this Court's review of a grant or denial of a motion for summary judgment based on GCR 1963, 117.2(1) is well settled. The motion is to be tested by the pleadings alone. *Todd v Biglow,* 51 Mich App 346; 214 NW2d 733 (1974), *lv den* 391 Mich 816 (1974). The motion tests the legal basis of the complaint, not whether it can be factually supported. *Bormans, Inc v Lake State Development Co,* 60 Mich App 175; 230 NW2d 363 (1975). The factual allegations of the complaint are taken as true, along with any inferences or conclusions which may fairly be drawn from the facts alleged. Unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover, the motion under this subrule should be denied. *Crowther v Ross Chemical & Manufacturing Co,* 42 Mich App 426; 202 NW2d 577 (1972), *Partrich v Muscat,* 84 Mich App 724, 729-730; 270 NW2d 506 (1978).

MCL 551.6; MSA 25.6 provides in relevant part:

"No person * * * who has been adjudged insane, feeble-minded or an imbecile by a court of competent jurisdiction, shall be capable of contracting marriage without, before the issuance by the county clerk of the license to marry, filing in the office of the county clerk a verified certificate from 2 regularly licensed physicians of this state that such person has been cured of such insanity, imbecility or feeble-mindedness."

It is undisputed that Ms. Leneair never filed the required certificate. It is also undisputed that she had been adjudicated a mental incompetent prior to her marriage. The question becomes whether one who has been adjudicated a mental incompetent falls within the statutory marriage prohibition. The answer is that such a person does.

A mentally incompetent person is one who is so affected mentally as to be deprived of sane and normal action or who lacks sufficient capacity to understand in a reasonable manner the nature and effect of the act he is performing. *Dayiantis v Blackhawk, Inc,* 33 Mich App 201, 203; 189 NW2d 808 (1971), citing *In re Johnson's Estate,* 286 Mich 213; 281 NW 597 (1938).[1] Feeble-mindedness is defined as the least severe grade of mental deficiency, Stedman's Medical Dictionary (Unabridged Lawyers' Edition 1961), and as a condition of incomplete development of mind of such degree or kind as to render the individual incapable of adjusting himself to his social environment in a reasonably efficient and harmonious manner and to necessitate external care, supervision, or control. 41 Am Jur 2d, Incompetent Persons, § 2, p 542.

Since the Legislature intended to bar one found to be suffering from the least severe grade of mental deficiency, an adjudged feeble-minded person, from marriage, it is reasonable to conclude that they intended to bar those suffering from more severe grades of mentally deficiency from marriage. An examination of the definition of a mentally incompetent person above cited indicates that such a person necessarily falls within the

---

[1] A mentally incompetent person may be one who possesses a high intelligence quotient and who may have completed university training but due to his present state of mind is incapable of rationalizing some of his thoughts or actions.

latter class. Accordingly, we hold that an adjudication of mental incompetency is a bar to a subsequent marriage under MCL 551.6; MSA 25.6.

Furthermore, the same result, that an adjudication of mental incompetency bars a subsequent marriage, obtains independently of the statute.

In *Acacia Mutual Life Ins Co v Jago,* 280 Mich 360, 362; 273 NW 599 (1937), the Supreme Court stated:

"[W]hile an * * * incompetent is under actual and subsisting guardianship of estate, he is *conclusively* presumed incompetent to make a valid contract." (Emphasis supplied.)

Marriage is a civil contract to which the consent of parties capable in law of contracting is essential. *Yanoff v Yanoff,* 237 Mich 383, 387; 211 NW 735 (1927), *overruled on other grounds* in *Serafin v Serafin,* 401 Mich 629; 258 NW2d 461 (1977), MCL 551.2; MSA 25.2, 16 Michigan Law & Practice, Marriage, § 4, p 100. Therefore, an adjudicated mental incompetent cannot enter a valid marriage.

The question becomes whether the marriage here, which is prohibited by statute and deemed invalid by case law, is voidable or void. The answer is that it is void.

The cardinal rule of statutory construction is to ascertain and give effect to the intention of the Legislature. *Melia v Employment Security Comm,* 346 Mich 544, 562; 78 NW2d 273 (1956). MCL 551.6; MSA 25.6 further provides:

"Any person of sound mind who shall intermarry with such * * * person * * * who has been so adjudged * * * feeble-minded * * * except upon the filing of certificate as herein provided, with knowledge of the

disability of such person, or who shall advise, aid, abet, cause, procure or assist in procuring any such marriage contrary to the provisions of this section is guilty of a felony."

It is apparent that the objective of the statute is to absolutely prohibit a marriage such as that in the instant case. Thus, in order to best effect that statutory purpose, *Lake Carriers' Ass'n v Mac-Mullan,* 91 Mich App 357, 366; 282 NW2d 486 (1979), we hold that the marriage here is void.

In the present case, plaintiff properly alleged the prior adjudication of mental incompetency of Ms. Leneair and her subsequent marriage. He, thus, stated a claim upon which relief, a declaration of the invalidity of the marriage, could be granted. GCR 1963, 117.2(1). The grant of summary judgment was erroneous. The case is remanded to the lower court for a trial on the merits.

The parties attempt to raise additional issues which were presented to the lower court but, due to the granting of summary judgment, were not decided. The Court of Appeals is limited on review to issues decided by the lower court. *Norton Shores v Carr,* 81 Mich App 715, 723; 265 NW2d 802 (1978), *Hernandez v Consumers Power Co,* 51 Mich App 288; 214 NW2d 846 (1974).

Reversed and remanded.

ALLEN, J., concurred.

BEASLEY, J. *(dissenting).* I respectfully dissent.

In this case, plaintiff, Alan A. May, as guardian of the estate of Lucille Leneair, an adjudged mentally incompetent person, filed a complaint for declaratory judgment to determine the validity of a claimed marriage between his ward, Lucille Leneair, at a time when she was allegedly ad-

judged a mentally incompetent person, and defendant Joseph Andree Rice. Defendants filed a motion for summary judgment, alleging that the statutory remedy of declaratory judgment is not a proper way to test the validity of a marriage, that the question of the competency of the codefendant at the time of the attempted marriage cannot be properly raised in a motion for summary judgment so as to void the marriage, and that plaintiff, as guardian, is without *standing* to bring suit against his ward. After hearing oral argument and reviewing briefs filed by the parties, the trial judge held, as a matter of law,[1] that defendant, Lucille Leneair, was competent to enter into the marriage and, therefore, granted the motion for summary judgment. He also stated:

"I just want to say as a footnote, although I am not ruling on this, I have some very serious question as to the standing of the guardian to bring this, but that is not necessary for decision, so I am not ruling on it, but I am ruling that she is capable of contracting marriage."

On appeal, the majority holds that the statute prohibits a person adjudicated mentally incompetent from contracting a lawful marriage.[2] The decision of the majority rests upon the premise that the parties' attempted marriage was void rather than voidable. The majority then states:

"[P]laintiff properly alleged the prior adjudication of mental incompetency of Ms. Leneair and her subsequent marriage. He [plaintiff-guardian], thus, stated a claim upon which relief, a declaration of the invalidity of the marriage, could be granted. GCR 1963, 117.2(1)."

---

[1] See, MCL 551.6; MSA 25.6.

[2] *Id.*

The effect of the majority's decision is to remand this case to the trial court for trial to determine whether or not plaintiff-guardian may obtain a declaratory judgment establishing that the parties' attempted marriage is void and invalid.

The posture of the trial will be unusual because the guardian, as plaintiff, will carry the burden of proof to prove that the marriage which defendants his ward, Lucille Leneair, and Joseph A. Rice entered into is void. If plaintiff succeeds, presumably a declaratory judgment holding the purported marriage to be void would be entered.

But, it should be noted that a declaratory judgment holding a marriage to be void is a different judicial animal than a judgment annulling a pretended marriage. The marriage would *not* be annulled; the legal effect of such a declaratory judgment is to say that *if* an annulment action were brought the marriage would be annuled.

In Michigan, while divorce is totally statutory, annulment can arise from the inherent equity jurisdiction which the basic trial (circuit) courts derive from the constitution without the necessity of statute where it is not prohibited by law. Thus, in *Romatz v Romatz*,[3] the Michigan Supreme Court expanded the jurisdiction of the Michigan courts to affirm annulment of a putative marriage that had taken place in Ohio.[4]

Marriage is defined by statute to be a civil contract to which the consent of parties capable in law of contracting is essential.[5] The statute is quite specific in specifying some who are incapable of contracting marriage as follows:

"No insane person, idiot, * * * shall be capable of

---

[3] 355 Mich 81; 94 NW2d 432 (1959).

[4] *Sovereign v Sovereign,* 354 Mich 65; 92 NW2d 585 (1958).

[5] MCL 551.2; MSA 25.2.

contracting marriage. * * * No person who has been confined in any public institution or asylum as a feeble-minded, imbecile or insane patient, or who has been adjudged insane, feeble-minded or an imbecile by a court of competent jurisdiction, shall be capable of contracting marriage without, before the issuance by the county clerk of the license to marry, filing in the office of the county clerk a verified certificate from 2 regularly licensed physicians of this state that such person has been completely cured of such insanity, imbecility or feeble-mindedness and that there is no probability that such person will transmit any of such defects or disabilities to the issue of such marriage."[6]

It is this statute upon which the majority bases reversal of the grant of summary judgment by the trial court.

The statutes also provide as follows:

"All marriages * * * solemnized when either of the parties was insane or an idiot, shall, if solemnized within this state, be absolutely void."[7]

"When a marriage is supposed to be void, or the validity thereof is doubted, for any of the causes mentioned in the two [2] preceding sections, either party, excepting in the cases where a contrary provision is hereinafter made, may file a petition or bill in the circuit court of the county where the parties, or one of them, reside, or in the court of chancery, for annulling the same, and such petition or bill shall be filed and proceedings shall be had thereon, as in the case of a petition or bill filed in said court for a divorce; and upon due proof of the nullity of the marriage, it shall be declared void by a decree or sentence of nullity."[8]

"When the validity of any marriage shall be denied or doubted by either of the parties, the other party may file a bill or petition in the manner aforesaid, for affirming the marriage; and upon due proof of the

[6] MCL 551.6; MSA 25.6.
[7] MCL 552.1; MSA 25.81.
[8] MCL 552.3; MSA 25.83.

validity thereof, it shall be declared by a decree or sentence of the court; and such degree, unless reversed on appeal, shall be conclusive upon all persons concerned."[9]

These texts would seem to indicate that only a party to a putative marriage may bring an action to annul it. For example, 55 CJS, Marriage, § 54, p 933 provides:

"Annulment for insanity may be had *only* at the suit of one of the parties to the marriage. Where the party seeking annulment is insane, the suit should generally be brought by his guardian or next friend, on behalf of the ward, and the insane person becomes a necessary party. A guardian has no authority, in the absence of statute, to maintain an action in his own name to set aside his ward's marriage on the ground of insanity." (Emphasis added; footnotes omitted.)

Of similar thrust is 4 Am Jur 2d, Annulment of Marriage, § 71, p 489, which provides:

"The right to annul a voidable marriage is a personal right and the action for annulment of such a marriage can be maintained only by a party to the marriage contract or, where the spouse seeking annulment is under legal disability, by some one in his or her behalf or by the person designated by statute. Some statutes expressly require that a suit to annul a voidable marriage be brought and prosecuted by the party laboring under the disability claimed to render the marriage voidable. A third person cannot, as a general rule, maintain an action to annul a marriage which is merely voidable. In some cases, the child of the parties has been made a party to the proceeding where annulment was sought.

"Where the marriage is void and not merely voidable the general rule is that either party—the guilty as well

[9] MCL 552.4; MSA 25.84.

as the innocent party—may sue for annulment, as where at the time the marriage ceremony was performed one of the parties was married to a third person, for public policy favors the declaration of nullity of a void marriage." (Footnotes omitted.)

And 4 Am Jur 2d, Annulment of Marriage, § 74, p 491 provides:

"Under the practice in most states, an action to annul a marriage on grounds of mental incompetency may be brought by a relative or next friend of the incompetent spouse, or by the guardian, committee, or conservator of the incompetent. The right of the guardian to bring the annulment suit is justified because property rights of the ward which it is the duty of the guardian to protect are affected. Since an action for annulment is based, not on the voluntary decision of the plaintiff to dissolve the marriage, but on the fact of lack of capacity to consummate it, the rule which denies the right of the guardian or conservator of an incompetent to bring suit for divorce is not controlling. Some courts, however, deny the right of the guardian or committee of the incompetent to bring the annulment action, usually for the reason that the controlling statute provides for suit by the incompetent through his next friend or guardian ad litem or by a relative." (Footnotes omitted.)

Sections 35 and 36 of Chapter 552 of the Michigan Divorce statutes provide as follows:

"Sec. 35. A bill to annul a marriage on the ground of insanity or idiocy, may be exhibited by any person admitted by the court to prosecute as the next friend of such idiot or lunatic."[10]

"Sec. 36. The marriage of a lunatic may also be declared void, upon the application of the lunatic, after the restoration of reason; but in such case, no sentence of nullity shall be pronounced, if it shall appear that

---

[10] MCL 552.35; MSA 25.111.

the parties freely cohabited as husband and wife, after the lunatic was restored to a sound mind."[11]

While Michigan decisions regarding attempted collateral attacks on marriages that have been annulled are scarce, if not nonexistent, the law seems clear that a divorce judgment may *not* be collaterally attacked. In *White v Michigan Life Ins Co,*[12] in a suit to decide whether life insurance proceeds would go to the second wife or to the first wife by virtue of a provision in a divorce judgment, this Court said:

"A divorce judgment may *not* be collaterally attacked. However, the courts of this state have frequently held that it is proper to construe a divorce judgment providing for an adjustment of property rights when the intended disposition requires clarification." (Emphasis added.)

Of similar import is *Couyoumjian v Anspach,*[13] where the Supreme Court said:

"[T]he validity of the decree of divorce could not be collaterally attacked by third parties except for lack of jurisdiction."

In general, I would believe that this rule prohibiting collateral attack on divorce judgments applies also to annulment judgments; they cannot be attacked collaterally.

GCR 1963, 201.5(1) relates to the power of a guardian to sue as follows:

"Representation. Whenever an * * * incompetent

---

[11] MCL 552.36; MSA 25.112.

[12] 43 Mich App 653, 657; 204 NW2d 772 (1972).

[13] 360 Mich 371, 386; 103 NW2d 587 (1960).

person has a guardian of his estate, actions may be brought and shall be defended by such guardian in behalf of the * * * incompetent person."

It should also be noted that GCR 1963, 201.2, which has been codified,[14] spells out the real party in interest provision as follows:

"Real Party in Interest. Every action shall be prosecuted in the name of the real party in interest; but [a] * * * guardian * * * may sue in his own name without joining with him the party for whose benefit the action was brought."

In any annulment or divorce action the real parties in interest would appear to be the parties to the marriage.

In this case, plaintiff seeks a declaratory judgment under GCR 1963, 521. An action for declaratory relief may be brought only by a party with an interest in the subject matter and against a defendant with a similar interest. The rule that every action must be prosecuted in the name of the real party in interest has been applied to actions for declaratory relief.[15]

Since Lucille Leneair is the real party in interest in any litigation concerning the validity of her attempted marriage to Joseph A. Rice, she should be a party to any such action. While, in view of the adjudication of her mental incompetency, the annulment action would need to be brought by her guardian, it must be in her name as plaintiff, rather than a suit brought by her guardian against herself and Joseph A. Rice. But this is

[14] MCL 600.2041; MSA 27A.2041.

[15] *Molinaro v Driver,* 364 Mich 341; 111 NW2d 50 (1961), *City of Flint v Consumers Power Co,* 290 Mich 305; 287 NW 475 (1939).

more than a mere procedural objection or a situation requiring realignment of parties.

I do not believe that a declaratory judgment concerning the validity of a marriage can or should be permitted. When there is necessity to litigate the validity of a marriage, the proceeding should be in the form of an annulment action between the parties, not one for declaratory judgment.

In summary, I believe that plaintiff guardian had standing to bring a suit for annulment of the purported marriage on behalf of his ward against defendant, Joseph A. Rice.

I do not believe that the remedy of declaratory judgment is available to adjudicate the validity of a putative marriage. A third party may not collaterally attack the validity of a marriage by way of a declaratory judgment.

In this case, plaintiff guardian may only obtain a trial of his ward's annulment case against Joseph A. Rice if he amends his entitlement to indicate a case for annulment by plaintiff as guardian of Lucille Leneair, a mentally incompetent person, against Joseph A. Rice. Only in this way can there be a trial on the merits between the real parties in interest, and only in this way can there be a judgment binding on the parties annulling their putative marriage.

In general, I am in accord with the majority's analysis of the statutes holding that the mental incompetency of Lucille Leneair prohibits her contracting a lawful marriage. Thus, for the reasons indicated, I would reverse the trial court's grant of summary judgment under GCR 1963, 117.2(1) and remand to the trial court to dismiss plaintiff's complaint unless he elects to amend his entitle-

ment and pleadings to bring his case into conformance with this opinion. If he did so amend, then the annulment case would be set down for trial on the merits.